FILED 136
Honorable Jack C. Bauer Prosecuting Attorney Harrison County 122 North 16th Street Bethany, Missouri 64424
Dear Mr. Bauer:
This is in response to your request for an opinion from this office as follows:
 "a) Does an individual employed as a policeman in a City of the Fourth Class automatically forfeit that employment upon his election to the position of City Marshal of that City, or does his employment as a policeman survive the expiration of his term as City Marshal and render reemployment necessary?
 "1. Gary D. Bullock was hired as a policeman for the City of Bethany, a Fourth Class City, in 1973. Policemen are hired by the mayor, and confirmed by the Board of Aldermen.
 "2. In April of 1974, Gary Bullock was elected City Marshal of the City of Bethany. He did not formally resign from his employment as a policeman, and continued to perform the normal duties of a policeman, being paid accordingly.
 "3. Gary Bullock served as City Marshal until his term expired in April of 1976.
 "4. In April of 1976, Gary Bullock's father, Neal Bullock, was elected Mayor of the City of Bethany. Gary Bullock questions whether or not he is still employed as a policeman, and the Mayor wishes to avoid the nepotism issue."
You first inquire whether an individual employed as a policeman in a city of the fourth class automatically forfeits that employment upon his election to the position of city marshal of that city.
We find no statute in this state which authorizes the same person to fill these offices at the same time. The question is whether, under the common law and under the statutes concerning the duties of these officers, the duties are such that they are incompatible and cannot be filled by the same person at the same time.
We are enclosing herewith Opinion No. 172 issued May 24, 1963, to John L. Fitzgerald to the effect that the office of marshal in a fourth class city and that of a patrolman in a fourth class city are incompatible due to the fact that the office of patrolman is subordinate and accountable to the office of marshal.
We believe this opinion is sound and correctly states the law in this state on this question.
Concerning the result that happens when a person accepts another office which is incompatible with the office he occupies, it is stated in 100 A.L.R., annotated, as follows:
 "In State ex rel. Walker v. Bus (1896) 135 Mo. 325, 36 S.W. 636, 33 L.R.A. 616, the court, after declaring the rule to be well settled at common law that where one, while occupying a public office, accepts another which is incompatible with it, the first will ipso facto terminate without judicial proceeding or any other act of the incumbent, the acceptance of the second office operating as a resignation of the first, said: `Where the holding of two offices by the same person at the same time is forbidden by the Constitution or a statute, the effect is the same as in case of holding incompatible offices at common law. In such case the illegality of holding the two offices is declared by positive law, and incompatibility in fact is not essential. In each case, the holding of two offices is illegal; it is made so in one case by the policy of the law, and in the other by absolute law. In either case the law presumes the officer did not intend to commit the unlawful act of holding both offices, and a surrender of the first is implied.'"
It is our view that under the facts submitted when the policeman was elected and qualified as the city marshal his acceptance of the office of city marshal operated as a resignation of his office as city policeman.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 172 5-24-63, Fitzgerald